UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.:

JUSTIN HINDS,

    Plaintiff,

v.

WILSON DEJESUS, individually,
and SCOTT J. ISRAEL, as SHERIFF of
BROWARD COUNTY, Florida,

    Defendants.
_____/

## COMPLAINT

1. This is a civil action seeking money damages in excess of $15,000 dollars, exclusive of costs, interest, and attorney's fees, against WILSON DEJESUS, individually, and SCOTT J. ISRAEL, as SHERIFF of BROWARD COUNTY, Florida.

2. This action is brought pursuant to 42 U.S.C. § 1983 and § 1988, and the Fourth and Fourteenth Amendments to the United States Constitution. The United States District Court for the Southern District of Florida has jurisdiction of this action under 42 U.S.C. § 1983, 28 U.S.C. § 1331, and 28 U.S.C. § 1343. Plaintiff further invokes the supplemental jurisdiction of the United States District Court to hear pendant State tort claims arising under State law, pursuant to 28 U.S.C. § 1367(a).

3. Plaintiff has fully complied with all conditions precedent to bringing this action imposed by the laws of the State of Florida, and particularly by the provisions of § 768.28 of the Florida Statutes.

## PARTIES

4. Plaintiff JUSTIN HINDS is a resident of Broward County, State of Florida.

5. At all times referred to herein, Defendant WILSON DEJESUS [hereinafter Defendant DEJESUS] was acting under color of law as a deputy sheriff for SCOTT J. ISRAEL, as SHERIFF of BROWARD COUNTY, Florida, and in such capacity as an agent, servant, and employee of SCOTT J. ISRAEL, as SHERIFF of BROWARD COUNTY, Florida.

6. Defendant SCOTT J. ISRAEL, as SHERIFF of BROWARD COUNTY, Florida, is the Sheriff of Broward County, Florida [hereinafter Defendant SCOTT J. ISRAEL, as SHERIFF OF BROWARD COUNTY, Florida, or Defendant BROWARD SHERIFF'S OFFICE], as organized and existing under the Constitution and laws of the State of Florida. In this cause, Defendant SCOTT J. ISRAEL, as SHERIFF of BROWARD COUNTY, Florida, acted through its agents, employees, and servants, including Defendant DEJESUS, and others.

7. Plaintiff sues Defendant DEJESUS in his individual capacity.

**FACTS**

8. On March 28, 2017, Satoya D. Johnson obtained a temporary injunction for protection against domestic violence against Plaintiff.

9. The restraining order was issued without prior notice to Plaintiff.

10. At all times material hereto, Plaintiff acted lawfully towards Satoya D. Johnson and had no knowledge that Johnson obtained a temporary injunction for protection against domestic violence against Plaintiff.

11. On April 4, 2017, Plaintiff traveled to 2051 SW 42nd Avenue, Fort Lauderdale, Broward County, Florida, to discuss the repayment of money paid by Plaintiff to Johnson for down payment on a house.

12. At the time Plaintiff arrived at 2051 SW 42nd Avenue, Fort Lauderdale, Florida,

Defendant DEJESUS was on scene.

13. When Plaintiff approached the residence, he was arrested by Defendant DEJESUS for violation of the temporary injunction for protection against domestic violence in the absence of probable cause, insofar as the injunction issued on March 28, 2017, had not been served.

14. No criminal charges were ever filed, insofar as the restraining order had not served prior to Plaintiff's arrest.

15. On April 6, 2017, the temporary restraining order was served by the Palm Beach County Sheriff's Office.

16. The temporary restraining order was subsequently dismissed on April 10, 2017.

17. At all times material hereto, Satoya D. Johnson had a history of domestic violence towards Plaintiff.

18. On October 28, 2017, Satoya D. Johnson shot and killed her current boyfriend.

19. At all times material hereto, the conduct of Defendant DEJESUS occurred under color of state law.

## CAUSES OF ACTION

### COUNT I
### FALSE ARREST/FALSE IMPRISONMENT CLAIM AGAINST DEFENDANT DEJESUS, INDIVIDUALLY, COGNIZABLE UNDER 42 U.S.C. § 1983

For his cause of action against Defendant DEJESUS, individually, in Count I, Plaintiff states:

20. Plaintiff realleges and adopts, as if fully set forth in Count I, the allegations of paragraphs 1 through 19.

21. Defendant DEJESUS proximately caused the arrest of Plaintiff in the absence of probable cause that Plaintiff committed any criminal offense.

22. The conduct of Defendant DEJESUS towards Plaintiff was objectively unreasonable,

in violation of Plaintiff's clearly established rights under the Fourth and Fourteenth Amendments and 42 U.S.C. § 1983 to be free from arrest in the absence of probable cause that Plaintiff committed any criminal offense.

23. As a direct and proximate result of the acts described above, in violation of 42 U.S.C. § 1983, Plaintiff has suffered grievously, has been brought into public scandal, and with great humiliation, mental suffering, and damaged reputation, including business reputation/goodwill.

24. As a further direct and proximate result of the conduct of Defendant DEJESUS, individually, Plaintiff suffered loss of liberty and freedom, mental anguish, loss of capacity for the enjoyment of life, lost wages, and loss of earning capacity. The losses are either permanent or continuing and Plaintiff will suffer the losses in the future, in violation of Plaintiff's clearly established civil rights. Plaintiff has also agreed to pay the undersigned a reasonable fee for his services herein.

WHEREFORE, Plaintiff prays:

i. Judgment for compensatory damages in excess of $ 15,000 dollars;

ii. Judgment for exemplary damages;

iii. Cost of suit;

iv. Reasonable attorney's fees, pursuant to 42 U.S.C. § 1988;

v. Trial by jury as to all issues so triable; and

vi. Such other relief as this Honorable Court may deem just and appropriate.

## COUNT II
## FALSE ARREST/FALSE IMPRISONMENT CLAIM
## AGAINST DEFENDANT BROWARD SHERIFF'S OFFICE

For his cause of action against Defendant BROWARD SHERIFF'S OFFICE in Count II, Plaintiff states:

25. Plaintiff realleges and adopts, as if fully set forth in Count II the allegations of paragraphs 1 through 19.

26. Defendant DEJESUS proximately caused Plaintiff's arrest in the absence of probable cause that Plaintiff committed any criminal offense.

27. The conduct of Defendant DEJESUS, in causing the arrest of Plaintiff in the absence of probable cause, was taken in the absence of lawful authority. The conduct of Defendant DEJESUS constitutes false arrest/false imprisonment of Plaintiff under Florida law.

28. The false arrest/false imprisonment of Plaintiff was committed by Defendant DEJESUS in the course and scope of his employment as a deputy sheriff for Defendant BROWARD SHERIFF'S OFFICE.

29. As a direct and proximate result of the acts described above, Plaintiff has suffered grievously and has been brought into public scandal, with great humiliation, mental suffering and damaged reputation, including business reputation/goodwill.

30. As a direct and proximate result of the acts described above, in violation of 42 U.S.C. § 1983, Plaintiff has suffered grievously, has been brought into public scandal, and with great humiliation, mental suffering, and damaged reputation, including business reputation/goodwill.

31. As a further direct and proximate result of the conduct of Defendant BROWARD SHERIFF'S OFFICE, Plaintiff suffered loss of liberty and freedom, mental anguish, loss of capacity for the enjoyment of life, lost wages, and loss of earning capacity. The losses are either permanent or continuing and Plaintiff will suffer the losses in the future, in violation of Plaintiff's rights.

WHEREFORE, Plaintiff prays:

    i. Judgment for compensatory damages in excess of $ 15,000 dollars;

    ii. Cost of suit;

  iii. Trial by jury as to all issues so triable; and

  iv. Such other relief as this Honorable Court may deem just and appropriate.

## COUNT III
## FALSE ARREST/FALSE IMPRISONMENT CLAIM
## AGAINST DEFENDANT DEJESUS, INDIVIDUALLY

For his cause of action against Defendant DEJESUS, individually, in Count III Plaintiff states:

 32. Plaintiff realleges and adopts, as if fully set forth in Count III the allegations of paragraphs 1 through 19.

 33. Defendant DEJESUS proximately caused Plaintiff's arrest in the absence of probable cause that Plaintiff committed any criminal offense.

 34. At all times Defendant DEJESUS had actual knowledge that the temporary restraining order had not been served, but nevertheless arrested Plaintiff in the absence of probable cause. Defendant DEJESUS then falsely alleged in his police report that the temporary restraining order had been served.

 35. The conduct of Defendant DEJESUS, in causing the arrest of Plaintiff in the absence of probable cause, was taken in the absence of lawful authority. The conduct of Defendant DEJESUS constitutes false arrest/false imprisonment of Plaintiff under Florida law.

 36. Alternatively to the allegations set forth in Count II, if the false arrest/false imprisonment of Plaintiff by Defendant DEJESUS occurred outside the course and scope of his employment or was committed in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety, or property, then the false arrest/false imprisonment of Plaintiff was committed by Defendant DEJESUS in his individual capacity.

 37. As a direct and proximate result of the acts described above, Plaintiff has suffered grievously and has been brought into public scandal, with great humiliation, mental suffering and

damaged reputation, including business reputation/goodwill.

38. As a further direct and proximate result of the conduct of Defendant DEJESUS, individually, Plaintiff suffered loss of liberty and freedom, mental anguish, loss of capacity for the enjoyment of life, lost wages, and loss of earning capacity. The losses are either permanent or continuing and Plaintiff will suffer the losses in the future, in violation of Plaintiff's rights.

WHEREFORE, Plaintiff prays:

  i. Judgment for compensatory damages in excess of $ 15,000 dollars;

  ii. Judgment for exemplary damages;

  iii. Cost of suit;

  iv. Trial by jury as to all issues so triable; and

  v. Such other relief as this Honorable Court may deem just and appropriate.

## DEMAND FOR JURY TRIAL

39. Plaintiff demands trial by jury on all issues so triable as of right.

**DATED** this   29th    day of November, 2017.

> By:   *s/. Hugh L. Koerner*
> Hugh L. Koerner
> Florida Bar No.: 716952
> Email: hlklaw@hughkoerner.com
> Hugh L. Koerner, P.A.
> Sheridan Executive Centre
> 3475 Sheridan Street, Suite 208
> Hollywood, FL 33021
> Telephone: (954) 522-1235
> Facsimile:  (954) 522-1176
> *Attorneys for Plaintiff Justin Hinds*